PER CURIAM.
 

 We conclude that the trial court erred in holding the final hearing on termination of parental rights at a time when the appellant could not be present. Although the appellant was aware that his failure to appear at the hearing would be deemed a consent to termination, he had informed the court prior to the hearing that he could not attend on the scheduled date because he was working in Louisiana and could neither miss work nor afford to make the trip until he was paid.
 
 See In re H.S.,
 
 995 So.2d 516, 516 (Fla. 2d DCA 2008) (deeming financial hardship of a parent a circumstance beyond the parent’s control);
 
 In re A.N.D.,
 
 883 So.2d 910, 914 (Fla. 2d DCA 2004) (explaining that courts should avoid terminating a parent’s rights if the parent is making a reasonable effort to be present at the hearing but is prevented by circumstances beyond his or her control). He had requested only a short delay until he could be paid and travel to Florida, and the Department neither disputed or disproved the facts on which the appellant relied. Therefore, we reverse the final order terminating the appellant’s parental rights and remand for a new final hearing.
 

 Reversed and remanded.
 

 PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.